MONROE COUNTY, *to Use of* SPLUNGE CONSOL. SCHOOL DIST.,
*v.* MINGA *et al.*

[90 South. 443. No. 22357.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Bond election may take place where
designated by trustees if there is no schoolhouse.*

Where a consolidated school district is organized under chapter 172,
Laws 1918 (section 7356 et seq., Supp. 1921, Hemingway's Code), and
chapter 207, Laws 1920 (section 6662f et seq., Supp. 1921, Heming-

way's Code), and an election is held in the district under chapter 194, Laws 1916 (section 4004, Hemingway's Code), to determine whether or not the bonds of the district shall issue for the purpose of erecting and equipping a school building for the district, and there is no schoolhouse of the district in existence and used as such, and the trustees of the consolidated district designate a convenient place in the district for the holding of the election, at which it is held, such election is valid because section 194, Laws 1916 (section 4004, Hemingway's Code), expressly authorizes the trustees of a consolidated district to select a convenient place for the election to be held, if there is no schoolhouse of the district at which to hold it.

2. ELECTIONS. *Published notice of school bond election need not state amount of bonds proposed.*

The published notice of the election required by section 2, chapter 207, Laws 1920 (section 6662f et seq., Supp. 1921, Hemingway's Code), is valid notwithstanding such notice does not contain a statement of the amount of bonds proposed to be issued, because the statute makes no such requirement; the requirement of the statute, which was complied with, that the ballots used in the election shall have printed thereon the maximum amount of bonds proposed to be issued, being amply sufficient to give the electors notice of the tax burden they are assuming.

3. ELECTIONS. *School bond election held void because of insufficiency of publication of notice.*

Where an election is held in a consolidated school district under chapter 207, Laws 1920 (section 6662f et seq., Supp. 1921, Hemingway's Code), to determine whether the bonds of such district shall issue to erect and equip a school building; and such election is held on November 2, 1920, and the notice of such election is published in the issues of the newspaper of October 8, October 15, and October 22, 1920, more than one week therefore elapsing between the last publication of the notice and the date of the election, such election is void because under said statute requiring such notice to be published for three weeks before the date of the election it is necessary that it be published for three consecutive weeks next before the election, so that not more than one week shall elapse between the last publication and the election.

APPEAL from chancery court of Monroe county.

HON. A. J. MCINTYRE, Chancellor.

Proceedings by Monroe county, to the use of the Splunge Consolidated School District, to validate a bond issue, wherein J. E. Minga and others filed objections. Decree holding the bonds ill͟ al, and the County appeals. Affirmed.

*Young & Coleman,* and *Leftwich & Tubb,* for appellant.

We shall not undertake in this brief to argue any other question than that raised in the third objection to the validation of the bonds which was sustained by the chancellor, to-wit: "That the notice of the election given by the Election Commissioners was insufficient. The objections overruled we deem it unnecessary to notice.

The case accordingly turns upon the construction of the first one-half of section 2, chapter 207, of the Laws of Mississippi of 1920, which for convenience we will here copy.

Sec. 2. Before issuing said bonds, the board of supervisors, shall by resolution, spread upon its minutes, declare its intention of issuing said bonds fixing the maximum amount thereof, and the purpose for which they are to be issued and fix in said resolution the date upon which an election shall be held in said county or consolidated school district, or separate school district or separate road district, as the case may be, whereupon the county election commissioners shall give not less than three weeks notice of such election by publication of a notice thereof in a newspaper published in the county once a week for three weeks preceeding the same, or if no newspaper is published in the county, then by posting such notice for three weeks preceding said election at three public places in the county or districts as the case may be.

It is not pretended in the hearing of the case, or by the objectors to the validation of the bonds, that any voters qualified to vote at said election were by any defect in the notice kept away from the election, nor was it pretended in the final hearing and determination of the case, in the final contention of the objectors that there was any unfairness in the election; but it finally turns upon the language used by the legislature providing: "that the election commissioners shall give not less than three weeks notice of such election by publication of a notice thereof in a newspaper published in the county once a week for three weeks preceding the same." The court will observe that the

learned chancellor construed the words three weeks preceding the same, as meaning three weeks next preceding. In other words, the court in its conclusion amended the acts of the legislature and read into the acts, the word "next" and in doing so, no doubt followed the cases of *Planters Mercantile Co.* v. *Braxton,* 120 Miss. 470; *Morris* v. *Lindsay,* 124 Miss. 742. These two cases construe Section 2772, Code of 1906. This section of the Code deals with sales *in pais* out of court, conducted by the creditor himself and courts have always dealt with great strictness and have used also any loop hole to invalidate the sale. In fact, the last two sentences of the section provides: "No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary. An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten-year statute of adverse possession.

The strictness with which every word of this statute must be complied, is illustrated by the cause of *Sharpley* v. *Plant,* 79 Miss. 175; *Fauntleroy* v. *Mardis,* 123 Miss. 355. And many other cases annotating this section set out in Hemingway's Annotated Code both in the original and supplementary volumes, the last just published. Yet, in this attitude this court doubtless under the mandate of literal construction imposed by the legislature itself, two of the justices dissent in the case of *Maris* v. *Lindsay,* the chief justice was disqualified, and so we have but these two cases which seem to have been influential with the learned chancellor as indicated by the last paragraph of his opinion.

We submit that these cases construing the law for trustee sales are not controlling authority in the instant case.

A series of statutes more analogous and the constructions more controlling in the case at hand are found in the statute for the construction of bonded roads, known as the Anderson Act Laws, of 1910, chapter 149, section 2 as to the advertisement in the original act, the language of the statute was that the notice of the proposal to issue bonds

should be published, for three weeks next preceding the meeting at which the board proposes to issue such bonds. This same language was retained in the amended act in chapter 145, Laws of 1912 and likewise in the Laws of 1914, chapter 176.

In the case of *Lay* v. *Shores,* 112 Miss. 140, decided at the October Term 1916 construing this act, as theretofore written by the legislature this court dealt with the requirement as to the publication of the notice, the language of this court in the short opinion rendered is as follows in part: "The statute requires the notice shall be published for three weeks next preceding the meeting at which the board proposes to issue such bonds. The notice for the three weeks nearest to the time the board of supervisors proposed to issue the bonds was not given, more than one week intervened between the last publication and the day fixed for the proposed action of the board. This complication could have been avoided by the legislature, but we are not permitted to inquire the reason prompting the legislature to require the publication of the notice for three weeks next preceding the meeting, we know that it is so, and the record shows that the notice does not square with the legislative requirements."

It will thus be seen that this court protested that the narrow construction which it seems to have been compelled to make held the publication insufficient simply and only because of absolute legislative requirements.

The same act is Reinacted Laws of 1920, chapter 277. The admonition to the legislature plainly made by this court, in *Lay* v. *Shores,* was observed by the legislature and the language touching the publication of the notice of the purpose to issue bonds provided that the publication shall be made for three successive weeks which said election should be held and be conducted according to the provisions of the chapter on registration and election of the Code of 1906, so far as applicable. In this new statute, when it shall be construed, it is impossible to think that this court will still adhere to the drastic rule laid down in

*Lay* v. *Shores, supra.* This provision for the publication has not yet been construed by this court so far as we know.

The act now under discussion, which was the guide for the issuance of the bonds in consolidated school districts is found in chapter 207, Acts of 1920, and in this act in section 2, the language for the period of publication is as follows: "Whereupon the county election commissioners shall give not less than three weeks' notice of such election by publication of a notice thereof in a newspaper published in the county once a week for three weeks preceding the same."

It will be seen from this statute, that the legislature don't even require three successive weeks, nor three weeks preceding the election, nor for three weeks next preceding the election. It must follow, it seems, after examining the history of legislation on the subject and the plain and deliberate purpose of the legislature to omit the words next and preceding and thus abandon the very narrow course theretofore taken. The procedure in the instant case is not only lawful but strictly in accordance with the statute. *Johnson* v. *Yazoo County,* 123 Miss. 435.

It will be observed that the only point in controversy here touches the publication of the notice of election. The territory was very small, the election was in all particulars regular. There is no proof that a single voter was deprived of his vote or that there was any substantial irregularity in the matter of conducting the election. The notice of the election did its perfect work and brought the electors to the ballot box. A large majority of them voted for the bonds and now when they come down and object, they make a very technical and narrow assault on the notice of the election which performed every office that it was expected to perform and say that the notice should have been published in another issue of the paper, of October 29th. This objection is so highly technical that if sustained, it will render the issuance of bonds, in the noteworthy and essential object of building schoolhouses difficult and endanger the sale in the open market.

The court will not fail to observe that in the matter of elections where the people cast their ballot, our court has been unusually liberal and the policy of the state has been in no instance to interfere with elections where they were fairly conducted and where the voters were not deprived of their right of choice. *Gibbs* v. *McIntosh,* 78 Miss. 648; *Perkins* v. *Connaway,* 59 Miss. 222; *Board of Supervisors of Desoto .County* v. *Dean,* 82 So. 257; *Thomas* v. *Lee County,* 98 Miss. 260; *Johnson* v. *Yazoo County,* 113 Miss. 435.

We respectfully submit that the objections submitted to these bonds by the voters of the consolidated school district is very much like the objections of a defendant in a civil suit who is summoned into court and appears there to make objection to the process for some supposed irregularity. There is not one of the objectors who complains that he was deprived of his vote and his choice and when the matter was up for disposal before the chancellor, these objectors who had expressed their choice by ballot complain of the form of the notice, which we submit, is altogether regular, allowing them the right to choice and the privilege of voting.

We submit that the objections are altogether too technical and that the notice was regular; that the learned chancellor's decree should be reversed and a decree entered validating the bonds by this court. As we have already stated, we have not noticed in any manner, the objections which the court overruled, because we deem them without merit, but we have noticed the only objection which the court held had any merit.

*Paine & Paine,* for appellee.

We submit that there are two objections which were made in the court below, which are irrefragable reasons as to why the case should be affirmed, to-wit: (A) The law of Mississippi was not complied with as to the place of holding the election. (B) The law of Mississippi was

not complied with as to the publication of the notice of the holding of said election.

Under subdivision "A" the facts and the law are these: The Splunge consolidated school district was organized on September 10, 1920. And the schools of the consolidated school district had been for some time prior to the date of the holding of the election taught and were at the time of the election being taught at two schoolhouses in the consolidated school district. This being so, it was, under the law, incumbent upon and legally obligatory that the election be held in one or both of the school houses of the consolidated school district. Section 4004, Hemingway's Code; Laws of 1916, chap. 194; *Barrett et al.* v. *Cedar Hill Con. School District,* 123 Miss. 370; *Edwards et al.* v. *Board of Supervisors of Bolivar. County,* 87 S. R. 8; *Thames* v. *Board of Supervisors of Simpson County,* 87 S. R. 126; *Beulah-Witt Consolidated School District* v. *Johnson,* 89 S. R. 666.

These cases announce the law, which was the law at the time of the election, and is now and will doubtless be the law, until this court or its successors overrule the decisions, *ubi supra.*

The petitioners, to invalidate the bonds, based their objections on the law of the state, *ubi supra,* and insisted on them at the hearing before the chancellor and now invoke the law as cited.

Section 4004, Hemingway's Code, provides that when it becomes necessary to hold an election, affecting any question to be submitted to the qualified electors in any consolidated school district, that such elections shall be held at the schoolhouse of said district. This law has been construed a number of times by our court in the cases, *supra,* and each time the court has held that the holding of the election at the designated place, as provided by the law, was essential to its validity, since the authority to hold the election rested solely upon the statute. It is not a mere irregularity and the election is void, notwithstanding all electors have due notice. See authorities, *supra,*

and especially *Edwards* v. *Board of Supervisors of Bolivar County,* 124 Miss. 165.

The reason why the election should be held at the consolidated schoolhouse, is well expressed by the court in the case of *Barrett* v. *Cedar Hill Consolidated School District,* 123 Miss. 370; *Thames* v. *Board of Supervisors of Simpson County,* 87 S. R. 126, 124 Miss. 576.

In the most recent case decided by this court, to-wit: *Beulah-Witt Consolidated School District* v. *Johnson,* 89 S. R. 668, Judge SYKES in rendering the opinion holds as follows: "The uncontradicted testimony taken upon the hearing of this motion shows that the election was held at four voting precincts in the county and that only one of these precincts are located within the boundary of the consolidated school district, and that at the time of the election, there was also located within this district, a schoolhouse. Chapter 194, Laws of 1916, section 4004, Hemingway's Code, expressly provides that in any case where it becomes necessary to hold an election affecting any question to be submitted to the qualified electors in any consolidated school district, such election shall be held at the schoolhouse of said district, or if there is no schoolhouse, the election shall be held at a convenient place designated by the trustees," and the court in this case held the election void.

We submit, regardless of whether or not a new schoolhouse has been erected in the consolidated school district, yet if there is a schoolhouse in the consolidated district, which schoolhouse is in use after the consolidation, then the election must be held at that schoolhouse.

Under this division of our brief we insist that the election was void for the reason that the proper publication of the notice of holding the election, was not had. The last publication of this notice appeared on the 22nd of October, 1920, record page 81.

The election, however, was not had until the 2nd of November 1920. The law requires that the notice of the election must be published once a week for three weeks

preceding the same.   We respectfully urge that this requires the last publication to appear within one week of. the day set for the election.   In other words, where a longer period of time than one week elapses from the last publication and the day for the election, the election is void.   *Lay* v. *Shores,* 72 S. R. 881.

At the time the legislature enacted the law under discussion in this case, to-wit: Laws of 1920, chapter 207, they had been apprised of the construction of a similar phrase in the case of *Planters Mercantile Co.* v. *Braxton,* 120 Miss. 470.

This case was decided by this court on July 14, 1919, and the legislature enacted chapter 207, Laws of 1920, on April 2, 1920.   In the *Planters Mercantile Co.* v. *Braxton,* the court construed the phrase "shall be advertised for three consecutive weeks preceding such sale," and in an able and exhaustive opinion held that where the last publication appeared nine days before the date of the sale, the sale was void; although the statute did not contain the word "next."   This court held that the phrase "three consecutive weeks preceding such sale" meant and required publication to be made for three weeks next before the day of sale, or immediately preceding the day of sale. We also refer the court to the case of *Maris* v. *Lindsey et al.,* 87 S. R. 12, in which the *Braxton case, supra,* is upheld.

Counsel for appellant seek to make a distinction between advertisements under section 2772, Code of 1906, and. the advertisements under the law in question, and contend that provisions of section 2772 must be more strictly complied with as to time of advertisement, than under chapter 207, Laws of 1920, on the idea that sales under section 2772 are conducted by the creditor and result in loss of debtor's land. . . .   In the case at bar the resident voters in the consolidated school district have just as much interest in the legality of the imposition of the tax on their real property, as the debtor has when his land is

advertised. And there can be no possible merit, we submit, in this argument of counsel.

Counsel also contend that, admitting that this law under discussion required the last publication to appear within seven days of the date of the election, yet this is a mere irregularity and if it is shown that all voters knew about and were not deprived of their right to vote, it would not invalidate the election. We assert that both of these contentions are untenable under the cases of *Lay* v. *Shores,* 72 S. R. 880, and *Edwards* v. *Board of Supervisors of Bolivar County,* 87 S. R. 8.

We therefore respectfully submit in conclusion that the opinion of the chancellor should be upheld, and the case affirmed.

ANDERSON, J., delivered the opinion of the court.

The board of supervisors of Monroe county, on behalf of the Splunge consolidated school district, appellant, proceeding under chapter 172, Laws of 1918 (section 7356 et. seq., Supp. 1921, Hemingway's Code), and chapter 207, Laws of 1920 (section 6662f et seq., Supp. 1921, Hemingway's Code), provided for the issuance of the bonds of said district in an amount not to exceed nine thousand dollars for the purpose of building and equipping a school building for the district. Notice of the election to determine whether the bonds should be issued was published, followed by an election held in the school district resulting in favor of the issuance of the bonds. Thereupon the board of supervisors, appellant, made an order providing for their issuance, and then proceeded under the validation statute (chapter 28, Laws Ex. Sess. 1917; section 3812a et seq., Supp. 1921, Hemingway's Code) to have the bonds validated. At the hearing before the chancery court under the validation statute certain taxpayers and electors of the district filed objections to their issuance. Upon the hearing of these objections the chancery court rendered a decree holding the bonds to be illegal. The taxpayers

filing these objections are the appellees in this cause. From this decree appellant prosecutes an appeal to this court.

It is contended that the bonds in question are invalid because the election held to determine whether they should be issued was held at a place not designated by law. The election was held at Williams store at Splunge in the consolidated district, which was a public place, and one of the places in Monroe county where regular state and coun: ty elections have been held for a long time. It is insisted that the election under chapter 194, Laws of 1916 (section 4004, Hemingway's Code), was required to be held at the schoolhouse of said district. Chapter 194, Laws of 1916 (section 4004, Hemingway's Code), provides that, where it becomes necessary to hold an election on any question submitted to the electors of a consolidated school district, such election shall be held at the schoolhouse in said district, "or, if there is no schoolhouse, the election shall be held at a convenient place designated by the trustees of the school."

In the case at bar there was no schoolhouse of this consolidated school district at the time of the election. The Splunge consolidated school district was composed of three rural school districts and other added territory, but after the organization of the district, and at the time of the election, there was no house in the district being used as the schoolhouse of the consolidated district. Proceeding under the statute, therefore, the board of trustees of the consolidated district designated Williams store at Splunge as a convenient and public place for the election to be held. It is contended that the election should have been held at one of the rural schoolhouses of the district above referred to, and to sustain that contention the cases of *Barrett* v. *Cedar Hill Consolidated School*, 123 Miss. 370, 85 So. 125, and *Edwards* v. *Bolivar County*, 124 Miss. 165, 87 So. 8, are relied on. In the Barrett Case there was a schoolhouse of the consolidated school district, as is stated in the opinion of the court; and furthermore the record in the case shows that, when the election was held,

the district had for some time been conducted as a consolidated school district and had a school building used for the purpose. The election was held elsewhere, and the court held that it was void; that the statute was mandatory and jurisdictional, and had to be complied with. In the Edwards Case the election was held at three places in the consolidated school district, none of which were designated by the trustees nor the board of supervisors for the purpose. In the opinion in that case the court stated that there was no schoolhouse of the consolidated school district in question at which an election could be held, and that no other place was designated in the manner provided by law, and that therefore the election was clearly unauthorized and void. These cases are not in point in favor of appellees. Here we have a consolidated school district organized with no school building for the district. Therefore it was the plain duty of the trustees of the district to designate a convenient place in said district for the holding of the election, which was done. We are therefore of the opinion that the trial court committed no error in holding that the election was held at a place authorized by law.

It is contended that the election was void because the notice published by the appellant of the election to determine whether the bonds should be issued failed to recite the maximum amount of bonds proposed to be issued. We find no merit in this contention, because such a recital was not required by section 2, chapter 207, Laws of 1920 (section 6662f et seq., Supp. 1921, Hemingway's Code), which prescribes the notice of the election to be given. That section provides, among other things, that the ballots used at the election shall have printed thereon a brief statement of the amount of the bonds proposed to be issued and the purpose of the issuance. This was done; the ballots used having printed thereon the maximum amount of bonds proposed to be issued. Therefore when the electors came to vote they had been informed by the published notice of the purpose to issue the bonds if authorized by the electors,

and the tickets used in the election plainly informed them of the maximum amount of the bonds that could be issued in the event the election resulted in favor of their issuance. We therefore find no error in the trial court in holding that the statute was complied with in this respect.

It is contended on behalf of appellant that the court below erred in holding that the election was void because more than one week elapsed between the last publication of the notice of election and the date fixed for the election. The election was held on November 2, 1920, and the notice of the election was published in the Aberdeen Weekly, a newspaper having a general circulation in Monroe county, in the issues of October 8th, October 15th, and October 22d. Therefore ten days elapsed after the last publication of the notice and the election. It is contended that under the law the notice should have been published for three consecutive weeks next before the date fixed for the elction, and that therefore not more than one week should have elapsed between the last publication of the notice and the election, and to sustain their contention the appellees rely on *Planters' Mercantile Co.* v. *Braxton,* 120 Miss. 470, 82 So. 323, and *Maris* v. *Lindsey,* 124 Miss. 742, 87 So. 13.

In *Planters' Mercantile Co.* v. *Braxton, supra,* the court construed section 2772, Code of 1906 (section 2276, Hemingway's Code), which provides how lands shall be sold under mortgages and deeds of trust. Among other things, this statute provides that a sale of lands under mortgages and deeds of trust shall be advertised in a newspaper "for three consecutive weeks preceding such sale." The court held and reaffirmed the same principle in *Maris* v. *Lindsey, supra,* that the statute required notice to be published for three consecutive weeks next preceding the date of sale, and that therefore the sale was void where more than a week elapsed between the last publication of the notice and the date of sale. It is argued on behalf of appellant that these cases are not controlling in the case at bar because they are founded on the principle that the power conferred by mortgages and deeds of trust of foreclosure *in pais* is

to be strictly construed, which they say has no application to the publication of notice of the election to issue bonds under the statute in question. In the opinion of the court there is just as much reason for strictness of construction in the one case as the other. The publication of the notice of election under section 2, chapter 207, Laws of 1920 (section 6662f et seq., Supp. 1921, Hemingway's Code), is analogous to due process. The legislature could have provided for the issuance of bonds by the local authorities without notice and without an election, but instead it chose to provide therefor. The notice provided is for the purpose of summoning the qualified electors to appear at a certain time and place and determine whether the bonds shall be issued or not. It is the method provided by law for getting the electors into court so to speak. It is the manner designated by the statute to get jurisdiction of the qualified electors of the district. If more than one week were permitted to elapse before the last publication of the notice and the date of the election, why not two weeks or three weeks or a month or a year? How much time could elapse without rendering the election void? As it appears to the court, there is no halfway ground. Either the election must be held within a week of the last publication of the notice, or it may be held at any time subsequent to the last publication of the notice. The court is of the opinion that the cases of *Planters' Mercantile Co.* v. *Braxton* and *Maris* v. *Lindsey, supra,* are decisive of this question in favor of appellees.

The case is therefore affirmed.

*Affirmed.*