BOARD OF SUP'RS OF FORREST COUNTY *v.* CLARK *et al.*

(Division B. April 11, 1932.)

[140 So. 733. No. 29933.]

Geo. W. and **E. J. Currie** and **C. E. Hill,** all of Hatties-
burg, for appellant.

John R. Tally, of Hattiesburg, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellees, who are taxpayers and patrons of the Eatonville consolidated school, appealed to the circuit court from certain orders and resolutions entered by the board of supervisors upon their minutes providing for the issuance of twenty-five thousand dollars of bonds of the Eatonville consolidated school district. Appellees attacked the legality of the bonds. The circuit court held the bonds invalid. From that judgment of the circuit court, the appellant prosecutes this appeal.

Many of the taxpayers and patrons of the Eatonville consolidated school district filed with the board of supervisors of Forrest county on the first Monday of March, 1931, a petition asking the board for the issuance of twenty-five thousand dollars of bonds of said district. The petition stated the purposes for which the bonds were desired in this language: "Shall be issued for the purpose of rebuilding, remodeling and repairing the present school building and teachers' home situated in said district, and for the further purpose of equipping said school building and furnishing the same with all necessary school supplies."

Section 6643, Code of 1930, provides as follows: "On petition of the majority of the qualified electors residing in a consolidated school district, the board of supervisors may issue bonds for such consolidated school district in

the manner provided for by law, to erect, repair, and equip school buildings, teachers' homes, school barns, transportation vehicles, and for purchasing lands for schools; provided, the bond issue for other purposes on the property of said school district shall not be included in calculating the limit on the amount to be issued for the purposes herein provided, but only such bonds as may be issued for said district as a separate taxing unit shall be counted in calculating the limit of the amount. The trustees of the school shall have authority to expend the proceeds of bonds for the aforesaid purposes and such funds shall be disbursed on pay certificates issued by the county superintendent, on the order of said trustees.''

As required by statute, an election was held in the district to determine whether the bonds should be issued. The election carried in favor of the bonds. The notice of the election published as required by law stated the purpose of issuing the bonds in the same language as the petition did. It will be noticed that the phrase, ''furnishing the same with all necessary school supplies,'' set out in both the petition and in the notice of the election is not contained in the statute. The question is whether or not the addition of that phrase to the petition and the notice of election rendered the bonds illegal.

The circuit judge who presided at the trial of this cause answered that question in the affirmative in an opinion made part of the record in the cause. His opinion is so well reasoned, and expresses the views of this court so accurately, that we do not think we could do better than adopt it as the opinion of this court, adding one or two thoughts only in order to bring out more fully the ground upon which the bonds are held to be illegal:

''The statutory scheme provided by section 6643, Code of 1930, for the issuance of consolidated school district

bonds, was attempted to be followed in this case. Under this scheme the proceedings must be initiated by petition, which petition becomes jurisdictional, and the subsequent resolutions and orders of the board of supervisors should, and in this case do, follow it. The purposes of the bond issue as set forth therein read:

" 'The proceeds from said bond issue to be used for the purpose of rebuilding, remodelling, and repairing the present school building and teachers' home, situated in said district, and for the purpose of equipping said school building and furnishing same with all necessary school supplies.'

"A decision of this controversy turns upon two questions: First, Does the clause, 'And furnishing same with all necessary school supplies,' designate an additional and an unlawful purpose? Second. If this be an unauthorized purpose of the bond issue, does it vitiate the entire proceeding?

"1. It is clear that what is meant by equipping, as used here, refers to equipment in the nature of permanent fixtures, such as blackboards fixed to the walls, desks attached to the floors, charts, maps, etc., intended for permanent use, as distinguished from articles consumable in use. 'Equipping' and 'furnishing' could be used as synonymous words, but confusion arises if we try to use 'equipment' and 'supplies' synonymously. For instance, the landlord's lien for supplies furnished is easily understood. It is the statutory term. We do not think of this lien as covering equipment furnished. The prudent housewife lays in her monthly supplies, not equipment. Supplies, not equipment, includes disinfectant for courthouses and jails. American Disinfecting Co. v. Oktibbeha County (Miss.), 110 So. 869.

"For distinction between supplies and equipment, see Standard Boiler Works v. National Surety Co., 71 Wash. 28, 127 Pac. 573, 43 L. R. A. (N. S.), 162.

"If we construe the language following the phrase, 'And for the further purpose,' as meaning equipment only, then it would be the equivalent of saying, 'And for the further purpose of equipping and furnishing same with all necessary school "equipment." ' This would be an authorized purpose. But as the language appears, I think it must be construed as if it read, 'And for the further purpose of equipping said school building with the necessary "school equipment," ' 'and (for the further purpose) of furnishing same with all necessary school supplies.' In the mention of school supplies, we think of floor sweep, chalk, fuel, etc., consumable in use. So construed, and giving to 'supplies' its ordinarily accepted meaning, there is included an unauthorized purpose.

"2. As to the second proposition, the case of Chamberlain v. Board of Education, reported in 58 N. J. Law, 347, 33 A. 923, 925, is decisive. Vested with authority to adopt resolutions directing the proper board to issue bonds for certain authorized purposes, the qualified electors of a New Jersey school district passed a resolution directing bonds to be issued for the purpose of covering four separate items as follows: (1) one thousand, six hundred dollars for the purchase of school lot; (2) four hundred dollars for fencing, grading, and water; (3) four thousand dollars for school building; and (4) five hundred dollars for furniture.

"The Court of Errors and Appeals, the highest appellate court of New Jersey, held that the three first items were authorized. As to the fourth item, the court held: 'But, if it be conceded that it is sufficiently plain that the intention was that the bonds were to issue for the purpose of meeting the last four items of the appropriation, we are confronted with the question whether two of those items—four hundred dollars for fence, grading, and water, and five hundred dollars for furniture—were

within the authority of the statute. The supreme court deemed them to be parcel of the construction of a well-appointed schoolhouse. We are inclined to so regard the fencing, grading, and water, and so, also, to consider any furniture which may be constructed with, and permanently affixed to, the building, such as slates and blackboards built in the walls; but we cannot so regard the ordinary movable furniture of a school, which is not fixed to the building. If, by the five hundred dollar item, such fixed furniture had been intended, appropriation for building a schoolhouse, without further specification, would suffice to cover it; but here there is not only an appropriation for the school building, but also an appropriation for furniture, as though they were separate things. The inference would appear to be that furniture which is not part of the building was intended. Bonds cannot be issued to pay for such furniture. But, whatever may be the inference, it at least is not clear, as it should be, that the furniture intended is to be part of the building. Our conclusion upon the points stated leads to a reversal of the judgment before us, and hence we do not deem it necessary to review the remaining questions passed upon by the supreme court, or suggested by counsel.

"I therefore conclude that the last item, viz., 'And furnishing same with all necessary school supplies,' is unauthorized by statute, and renders void the entire proceedings of the board.

"I think in all bond issues the purposes for same should be free from ambiguity. The proceedings should clearly show such purposes upon their face, and show with such certainty that their issuance will be wholly within the statutory power."

The notice to the electors must accurately state the purpose for which the bonds are to be issued. In Monroe County v. Minga et al., 127 Miss. 702, 90 So. 443, the court said that in the publication of the notice of the

election the statute must be strictly followed; that the publication of the notice was in the nature of process constructively served on the electors of the district to appear at a certain time and place, and say by their ballots whether or not they wanted the bonds to be issued.

It is easily conceivable that the electors in the present case could have been misled by the language in the petition and the published notice of the election, "and furnishing the same with all necessary school supplies." Except for that provision in the petition and notice, the election might not have been carried in favor of the bond issue. The electors had good reason to believe, and might have believed, that the bonds were being issued not only to remodel and repair the schoolhouse and teachers' home, but to furnish their children attending the school with all necessary books and school supplies, and, except for that understanding, many of them who voted for the bond issue might have voted against it; possibly enough to defeat it.

Affirmed.