HISAW *et al. v.* ELLISON RIDGE CONSOLIDATED SCHOOL DIST.

(In Banc. Nov. 11, 1940.)

[198 So. 557. No. 34380.]

W. A. Strong, Jr., of Louisville, for appellants.

666

**E. M. Livingston** and **Chas. D. Fair,** both of Louisville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Section 6643, Code 1930, in so far as material to the point now to be decided, reads as follows: "On petition of the majority of the qualified electors residing in a consolidated school district, the board of supervisors may issue bonds for such consolidated school district in the manner provided for by law, to erect, repair, and equip school buildings, teachers' homes, school barns, transportation vehicles, and for purchasing lands for schools; . . ."

A petition signed by the majority of the qualified elec-

tors residing in Ellison Ridge Consolidated School District was presented to the board of supervisors, reciting "that it is necessary to issue the bonds of the said district in an amount not to exceed $15,000.00 to erect, repair and equip school buildings, teachers' homes, etc., that the proposed bond issue"—and here follow further recitals not material to the present question.

Over the objections of other qualified electors of the district, the board ordered the bonds issued and the objectors appealed to the circuit court, and to this Court from an adverse judgment there.

The order of the board to issue the bonds is, in our opinion, invalid for other reasons than the one to be now dealt with, but the reason last mentioned lies at the threshold, making it unnecessary to pursue the others.

The quoted statute expressly states the purposes for which the bonds may be issued thereunder, and it contains no such language as to permit the indefinite construction that it would be available for purposes of like kind and character. It will be observed, however, that the petition contained the following language "to erect, repair, and equip school buildings, teachers' homes, etc." The three letters last quoted constitute an abbreviation of et cetera, and according to the great weight of authoritative opinion, as cited by both sides, this term, when following things particularly named, means "and other things of like kind or purpose as compared with those immediately theretofore mentioned."

The petition requested, therefore, that the bonds be issued to erect, repair and equip school buildings, teachers' homes, and for other purposes of like kind and character,—from which it follows that the petition was broader than the statute, prayed for things which the statute did not embrace, and therefore falls within the principles announced in Board of Supervisors v. Clark, 163 Miss. 120, 140 So. 733.

The school district, while admitting that the abbrevia-

tion for et cetera should usually be construed as has been above set out, contends that, according to circumstances, the abbreviation may be entirely disregarded as surplusage, meaning nothing, or else that it should be taken as merely a condensed method of including the other purposes embraced in the statute but not recited in the petition, which in this case could be to include in the petition school barns, transportation vehicles, and for purchasing lands for schools; and it is the latter contention for which the district the more earnestly argues.

But the contentions made by the district comprise a concession that the term et cetera is subject to three different constructions or interpretations, and while it argues for one of these constructions as being the best, we are still left with the obvious difficulty that there is no way to tell how each signer of the petition understood it, or whether a majority of the qualified electors of the district understood it alike. For all we know or the board knew the majority of the qualified electors may have understood the petition according to the usual construction of the abbreviated term included therein and that it prayed not only for the erection, repair, and equipping of school buildings and teachers' homes but for all other things of like character and purpose, and that there would have been no majority on the petition except for that understanding. We may not arbitrarily assume that they understood it otherwise, or in any one of the three ways as against the others.

Thus it is that the salutary principle declared in the Clark case, supra, comes into decisive operation, namely, that in all bond issues of this nature the purposes for same shall be free from ambiguity; that the proceeding for their issuance must clearly show such purposes upon their face, and show it with such certainty as will distinctly disclose that their issuance will be definitely within the statutory authority.

Reversed and petition dismissed.

**Ethridge, J.,** delivered a dissenting opinion.

I am unable to agree with the majority opinion that the abbreviation "etc." renders void the petition and proceedings of the Board of Supervisors. The petition for the bond issue by the qualified electors of the Consolidated School District expressly states the purposes for which the bond issue was to be made, which recital does not include all of the items for which the statute permits bonds to be issued. The several purposes for which the bonds were to be issued, and which were named in the petition, were specific, and authorized by law; and consequently the bonds were authorized to be issued in response to the petition.

Conceding for the purposes of this decision that the term "etc." meant "and other like purposes," as used, it still would not render the petition and bond issue void; if the words, "for other like purposes," had been recited in the petition, it would have been a mere incidental reference to the purpose to erect, repair and equip school buildings and teachers' homes. To be usable, there is more required than the mere erection of a school building—there are other things necessary. The word "etc." could well be treated as surplusage, for if the petitioners prayed for more than the law allowed, as well as for things that the law did allow, it was within the power of the Board of Supervisors to allow the latter, and disallow the former, or surplusage. Because a person prays for more than is permissible, or for more than would be given, is no reason for denying the prayer altogether. It is familiar knowledge in Chancery Court practice that the suitor may be allowed such relief as he has prayed for, insofar as is allowable under the law, even though not allowed all he prayed for. Perhaps every Christian prays to the Holy Father for more than he should; but that does not mean that his prayer would be entirely disallowed merely because he had prayed for too much.

There is nothing in Board of Supervisors v. Clark, 163 Miss. 120, 140 So. 733, which prevents allowing what is permissible under the law. In that case both the petition, and the order of the Board allowing the same, embraced things which were not allowed by the statute— specific things not allowed to be embraced therein. To hold, as the majority opinion does, that the word "etc." prevents the Board and the school from securing the relief and realizing the purpose for which the petition was filed, is to thwart public policy and deny to the pupils of the Consolidated School District the means of education. That is carrying a technicality far beyond reason.

I have examined the record and briefs, and I think the case should be affirmed. The bill of exceptions is inaccurately drawn, and its recitals appear in certain particulars to contradict the solemn recitals of the judgment of the Board. But looking at the whole proceeding, and the bill of exceptions, I think it merely undertook to set forth the objections, and not to recite facts in opposition to the judgment. The recitals of fact in the objections and bill of exceptions are imperfect, but I think there is no fatal defect in the proceedings, when properly considered.