# Board of Supervisors of Tishomingo County *v.* Dawson, et al.

In Banc. March 27, 1950.

No. 37649 (45 So. (2d) 253)

J. O. Clark and W. C. Sweat, for appellant.

668

**J. S. Finch,** for appellees, cited the following:

**Smith, J.**

Pursuant to Chapter 277, Laws 1944, as amended by House Bill 341, Chapter 412, Laws 1946, the board of supervisors adopted a resolution which, among other relevant matters, included the following: "it be and is hereby ordered and declared by the Board of Supervisors of Tishomingo County, Mississippi, that it is its intention and purpose . . . to enter the necessary order issuing the bonds of Tishomingo County, Mississippi, in the sum of $75,000.00 for the purpose of providing funds with which to acquire real estate for, and to establish, erect, build, construct, acquire, equip, furnish and operate a County Community Hospital, nurses home and related facilities, for and within the limits of Tishomingo County, Mississippi, under the provisions of the law hereinbefore referred to; . . . That said funds may be used in cooperation with, and with aid from the United States Government and-or the State of Mississippi acting through their proper agencies, for the purposes aforesaid." There was also incorporated in said resolution this provision: "For the purpose of complying with the provisions of House Bill No. 341 of the Legislative Session of 1946, and to the end that said county may receive aid in the erection and equipping of a hospital and related facilities, from State and United States Government Agencies, Tishomingo County is hereby declared to be a hospital district or area as contemplated by said House Bill No. 341."

House Bill 341, Chapter 412, Laws 1946, provides that before any such bonds shall be issued, the board shall adopt a resolution "declaring its intention to issue the same, stating the amount and purpose thereof, whether such hospital and related facilities are to be erected, acquired, remodeled, equipped, furnished, maintained and operated by such county . . . . The full text of such resolution shall be published once a week for at least three (3) consecutive weeks in at least one newspaper published

in the county . . .''. Provision is made for objections to be heard, and the procedure to be followed thereafter. There are no challenges here to the procedure in the case. In due course, protests by twenty per cent of the electors having been filed, a special election was duly had, resulting in approval of the bond issue. The board of supervisors entered all proper and necessary orders to effectuate this end, over the protests of appellants, who filed exceptions, and appeal was taken thereon to the circuit court. No testimony was offered or heard before the board, the issues being considered on the record.

In the notice of the special election, the matter was submitted to the electors on the following proposition: ''Shall bonds of Tishomingo County, Mississippi, be issued in the amount of Seventy-five Thousand dollars ($75,000) for the purpose of providing funds with which to acquire real estate for and to establish, erect, build, construct, acquire, equip, furnish and operate a county community hospital, nurses' home and related facilities, within and for Tishomingo County, Mississippi.'' On the ballot was the same proposition *in haec verba.* As stated, supra, the proposed bond issue was approved by the electors of the county. Thereafter, the board ordered their issuance for the purposes enumerated above, and invited bids from bond buyers to purchase the bonds.

The accepted bid was as follows: ''At an average interest cost of 2.90% (Two .90 per cent) details pertaining to coupon rate or rates to be worked out later, but total interest cost to the county to be not more than 2.90% paid.'' There was a premium of $11.00. The interest coupons were not the same on each bond, hence the bid of ''an average cost of 2.90%.''

On appeal to the circuit court, the attorneys for the protestants, appellees here, and for the appellant board of supervisors, entered into a stipulation signed by said attorneys: ''2. That the Board of Supervisors has obligated themselves, one to the other, that in the event the $75,000.00 of bonds are issued and sold, $30,000.00 or

more of said funds will be expended on a health center at Belmont in the Fifth District of said County, the remainder to be expended on construction of a hospital at Iuka in the First District of said County.''

The circuit court sustained the exceptions of the protestants, and declared the bond issue to be void. On appeal from that judgment, the issues before us are only three. They are: (1) Did the lower court err in holding that the Board proposed to use part of the bond issue for purposes not expressed in its resolution, that is, a health center at Belmont while the hospital was to be built at Iuka, which issue was brought into the case for the first time by a stipulation between the attorneys on the trial in the circuit court and that this proposal invalidated the bond issue? (2) Did the court below err in holding that the use of the statutory phrase, ''related facilities'' made the bond issue void, as not informing the electors definitely enough the purpose for which the proceeds thereof would be used? (3) Did the trial court err in holding that the rate of interest as shown by the bond coupons was more than the bid, an average interest rate of 2.90%, which rendered the bonds void?

We will take up these questions in their order. As to the first, that the board extrajudicially, by a private agreement among themselves personally, were going to divert a portion of the money to erect a Health Center at Belmont. The hospital was to be at Iuka. It is to be borne in mind that there is nothing on the minutes of the board expressing a purpose so to do, or anywhere in the entire proceedings before it. The order on the minutes was: ''For the purpose of providing funds with which to acquire real estate for, and to establish, erect, build, construct, acquire, equip, furnish and operate a county community hospital, nurses' home and related facilities, for and within the limits of Tishomingo County, Mississippi.'' This order is in the language of the statute, the properly adopted resolution of the board spread on its minutes, whereby only the board can speak. Bridges v.

Clay County, 58 Miss. 817; Northern Drainage District v. Bolivar County, 111 Miss. 250, 71 So. 380; Gilchrist-Fordney Co. v. Keys et al., 113 Miss. 742, 74 So. 619; Martin v. Newell et al., 198 Miss. 809, 23 So. (2d) 796; and many others.

The stipulation was without validity or force to change the purposes for the issuance of the bonds, or to give power or vigor to its subject matter, so as to entitle it to be considered by the court in this lawsuit. ██ Attorneys cannot, by stipulation, amend the orders of the board of supervisors, or bind the taxpayers of the county. Dixon v. Greene County et al., 76 Miss. 794, 25 So. 665; Corinth to Gulf Highway et al. v. Carothers & Co., 129 Miss. 645, 92 So. 696; Lee County v. James, 178 Miss. 554, 174 So. 76, 77, where we said "And always it has been the positive rule in this state, both by statute and by a long line of judicial decisions strictly enforcing those statutes, that ██ boards of supervisions can bind counties, or districts therein, only when acting within their authority and in the mode and manner by which this authority is to be exercised under the statutes, and that their contracts, and every other substantial action taken by them must be evidenced by entries on their minutes, and can be evidenced in no other way." ██ If the board undertakes to expend part of the funds on such health center at Belmont, it will then be time for that matter to be taken up in the proper forum and by the proper procedure. We do not adjudicate whether a Health Center is a "related facility" of a hospital, since it is not necessary to decision in the case at bar. The lower court was wrong in deciding the first question in favor of appellees and against the validity of the bond issue.

██ With reference to the next question, involving the indefiniteness vel non of the phrase "related facilities," the trial judge in his opinion said: "That the term 'related facilities' used in the said first resolution is so vague and indefinite as to furnish the taxpayer

with no definite information as to how the proceeds shall be used.'' It is here to be borne in mind that ''related facilities'' is the phraseology of the statute and among the things to be stated in the resolution to be ''erected, acquired, remodeled, equipped, furnished, maintained and operated.'' It is also to be remembered that this hospital was created with authority to cooperate with and receive aid from the Federal Government, under the provisions of Chapter 412, Laws 1946, and that the Federal Government, in Public Law No. 725 of the 79th Congress, known as the Hospital Survey and Construction Act, which, amended, now appearing as Section 291 to 291n, 42 U. S. C. A. Section 291i, (f), uses the same term ''related facilities such as laboratories, clinics, and administrative offices operated in connection with public health centers.'' This could, with equal reason, apply to hospitals, together with additional ''related facilities'' not difficult to envision.

The contention of appellees seems to be that ''related facilities'' should have been broken down specifically into parts. However, this and other acts providing for bond issues contain the word ''equip''. It has never been contended that this word should be separated into items, so many chairs, so many tables, desks, this, that and the other, and it cannot be reasonably so contended, we think. Analogously, we are of the opinion, that ''related facilities'' is just as definite a term as ''equip'', and informed the taxpayers definitely enough in the premises. The trial judge based his conclusion to the contrary, as do appellees, on two cases, Board of Supervisors of Forrest County v. Clark et al., 163 Miss. 120, 140 So. 733; and Hisaw et al. v. Ellison Ridge Consolidated School District, 189 Miss. 664, 198 So. 557.

In the Clark case the controlling statute was Section 6643, Code 1930, Section 6370, Code 1942, providing for bond issues ''to erect, repair, and equip school buildings, teachers' homes, school barns, transportation vehicles, and for purchasing lands for schools.'' The order of the

board, however, went further than the statute, and added "furnishing same with all necessary school supplies." This last purpose was not authorized by the statute, and it was held by us to invalidate the bond issue for that reason. In the Hisaw case the bond issue was avoided because the foregoing cited section was enlarged by the proceedings toward the bond issue by the addition of "etc.," which the statute did not include. The statute in the case at bar does include "related facilities." We cannot agree, therefore, that the use of this phrase rendered the bond issue void, because it failed sufficiently to inform the electors of the purpose for which it was to be made, especially since the statute empowers the use thereof, in Section 2, Chapter 412, Laws 1946.

We have checked the computations of the interest, in order to determine what answer to give to the third question raised in the exceptions of appellees, as to whether the resolution authorizing the bonds provided a greater rate of interest than that stipulated in the buyers' bid, that is, "an average interest cost of 2.90%." The learned trial judge figured that it does, but we agree with appellants that it does not, whether the premium of $11.00 be considered or not. If it be considered, the average interest provided will amount to 2.897938%, if not, the average interest cost will be 2.899031%—both under 2.90%. However, if the coupons did exceed the bids, it would not be sufficient to avoid the bond issue, although possibly bringing up other questions not to be decided in the case before us. We hold that this point was not well taken by appellees, and the trial court erred in deciding the same in their favor.

For the reasons stated, we reverse the judgment of the trial court, and enter a judgment here overruling the exceptions to the bond issue filed by appellees.

Reversed and judgment here for appellants.