# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2010

No. 09-60390
Summary Calendar

Charles R. Fulbruge III
Clerk

H. L. JAMES; MATTHEW W. JAMES

Plaintiffs – Appellants

v.

CITY OF PONTOTOC, MISSISSIPPI

Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:07-CV-108

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants H.L. and Matthew James appeal the district court's grant of summary judgment in favor of Defendant-Appellee City of Pontotoc. We affirm.

## FACTS AND PROCEEDINGS

Matthew James owns 3.2 acres of property within the City of Pontotoc ("the City") upon which he and his father, H.L. James, planned to develop duplex

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60390

apartments. City employees informed H.L. that the development would have to be presented to and approved by the City's Board of Aldermen ("the Board") as a planned unit development. H.L. first brought the proposal before the Board in November 2006, at which time the Board suggested that it would approve the general plan. H.L. then had an engineer plat the development and render construction plans, which were brought before the Board at its next meeting in December 2006. This meeting was videotaped and televised to the public. Reviewing the plans, the Board indicated that it wanted changes to the plan to turn a connecting street into a cul-de-sac. Alderman Bob Peeples, acting as chair in the absence of Mayor Bill Rutledge, then offered the following motion:

> Alderman Peeples: We've got a motion by Johnny that we approve the Planned Unit Development with the exception of the, ah, cul-de-sac on the end, and, go ahead and get his permit for the first one.
> Do we have a second?
> Second by Tommy. Any business? All in favor raise your right hand.

The motion carried without opposition. The next day, the City issued a building permit to the plaintiffs for a single structure, to allow them to begin building the first duplex. Special remarks on the building permit indicated that the permit was issued "per Board action 12-05-06 PUD plat w/cul-d-sac [*sic*] to be approved."

The minutes to the December meeting were later drafted and were adopted without opposition at the next Board meeting in January 2007. Concerning the planned development, the minutes read:

> ORDER TO CONSIDER PLANNED UNIT DEVELOPMENT BY H. L. JAMES ON PROPERTY LOCATED ON HWY. 6 WEST CONTINGENT ON ACCEPTABLE CUL-DE-SAC BEING ADDED AND HAVING PLAT APPROVED

2

No. 09-60390

> There came on for consideration the planned unit development by
> H. L. James on property located on Highway 6 West contingent on
> acceptable cul-de-sac being added and plat being approved. After
> consideration and discussion, there was a motion duly made by
> Alderman Johnny Seale and seconded by Alderman Tommy
> Patterson, that said planned unit development be considered
> contingent on acceptable cul-de-sac being added and plat being
> approved. A vote was taken and the motion was unanimously
> carried[.]

James's revised plat was distributed to Board members and placed on the agenda for the April meeting. James appeared at that meeting to request that the Board turn on the utilities at the property. For the first time, he learned that the December minutes demonstrated that the Board had not approved his development, and also that the plat he had distributed to Board members did not conform with the City's zoning ordinances and building code, because it was missing certain technical information. He returned to the next Board meeting with counsel but the Board took the matter under advisement with no action. In June, the City engineer informed Mayor Rutledge that the James's revised plat was non-conforming. The plat was never approved and James never reappeared before the Board with an approved plat. Eventually, James converted the single duplex apartment he had built into a single family home, which required no Board action, and the utilities were turned on at the site.

The Jameses sued in district court, claiming violation of their due process rights and a violation of equal protection. On summary judgment, the district court found that H.L. James lacked standing because the development was not a joint venture under Mississippi law; that Matthew James did not have a property interest in the development because the Board's approval was never noted in the Board's minutes as required by Mississippi law and thus there was no due process violation; and that there was no equal protection violation. James appeals only the denial of his due process claim.

3

No. 09-60390

## STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*, using the same standard as that applied by the district court. *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). This Court views "the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Riverwood*, 420 F.3d at 382.

## DISCUSSION

The issue on appeal is whether James had a property interest in the development. The district court determined that he did not because the Board's minutes do not contain approval of the development, but only a contingent approval. "The Mississippi Supreme Court has long held that 'boards of supervisors and other public boards speak only through their minutes. . . .'" *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 297 (5th Cir. 2006) (quoting *Thompson v. Jones County Cmty. Hosp.*, 352 So. 2d 795, 796 (Miss. 1977) (emphasis removed)). We have noted that

> The Mississippi Supreme Court has characterized the minutes requirement as "an important public policy issue," cautioning that "public interest requires adherence thereto, notwithstanding the fact that in some instances the rule may work an apparent injustice." *Butler v. Bd. of Supervisors for Hinds County*, 659 So. 2d 578, 579 (Miss. 1995) (quoting *Colle Towing Co. v. Harrison County*, 213 Miss. 442, 57 So. 2d 171, 172 (1952)). Indeed, "the policy of protecting the public's funds for use by and for the public is paramount to other individual rights which may also be involved." *Butler*, 659 So. 2d at 579; *see also id.* at 581 (discussing Mississippi's "past strict adherence to the requirement that a board of supervisors only be bound by a contract entered upon its minutes") and *Warren County Port Comm'n v. Farrell Constr.*, 395

4

No. 09-60390

F.2d 901, 904 (5th Cir. 1968) (describing the Mississippi requirement as "stringent").

*Urban Developers LLC*, 468 F.3d at 299. Mississippi law also prohibits the use of extrinsic evidence to prove the intent of the Board's minute entries. A Board's acts "must be evidenced by an entry on its minutes. The minutes of the board of supervisors are the *sole and exclusive evidence* of what the board did. . . . [T]he minutes of the board of supervisors must be the repository and the evidence of their official acts." *Myers v. Blair*, 611 So. 2d 969, 973 (Miss. 1992) (emphasis added). Substantial actions taken by a board "must be evidenced by entries on their minutes, and can be evidenced in no other way." *Board of Sup'rs of Tishomingo County v. Dawson*, 45 So. 2d 253, 256 (Miss. 1950) (quotations omitted).

James does not attack the minutes requirement, but claims that the minutes do not reflect the true decision of the Board and that the videotape demonstrates that the development was approved. The district court noted that while a "videotape is very strong extrinsic evidence of what occurred at the Board meeting . . . the reasoning behind the rule is not affected by the quality of the evidence." The minutes requirement is a substantive rule that the Mississippi Supreme Court has demanded be strictly complied with, not an evidentiary rule. James has not cited any case in which Mississippi courts have crafted an exception to the minutes requirement, and we are without power to craft one here.

## CONCLUSION

The judgment of the district court is AFFIRMED.