# LEE COUNTY *v.* JAMES.

(Division B.   April 26, 1937.)

[174 So. 76.   No. 32705.]

Mitchell & Clayton, of Tupelo, for appellant.

Marshall T. Adams, of Tupelo, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The public roads in Lee county, other than those under the actual charge of the State Highway Department, have for several years been worked, and exclusively so, under the provisions of section 6381, Code 1930, chapter 156, Laws 1928, which reads as follows:

"The methods of constructing, reconstructing and maintaining the public roads and bridges in this state, other than those under the actual charge of the state highway department, shall be as follows:

"The board of supervisors of any county may purchase and hire teams, implements and material, and employ labor, and work, construct, reconstruct and maintain the public roads and build bridges under the direction of a competent road commissioner, to be employed by the board, in its discretion, or under the direct supervision of the board of supervisors; and may do any and all things necessary to be done to work, construct, reconstruct and maintain the public roads, and build bridges as herein provided. If in the opinion of the board of supervisors any part of the work necessary to be done in working, constructing, reconstructing and maintaining the public roads and building bridges in such county, or supervisor's district or districts, or any part or parts thereof, can best be done by awarding contracts therefor, the board of supervisors may in its discretion, make contracts therefor; and the board of supervisors may, in its discretion, use any funds heretofore or hereafter raised by bond issue or otherwise for working, construct-

ing, reconstructing, maintaining and improving the public roads and building bridges as herein provided."

No road commissioner was employed, nor was any of the work done by contract. But the members of the board had, what is termed in the record, a gentlemen's agreement that the work in each district would be done under the direct supervision of the member elected from that district, and that he, without any previous order of the board, would employ and direct the labor as he saw fit, and would submit the pay rolls at the next or some subsequent meeting of the board, at which meeting the same would be allowed. Appellee was thus employed by the member of the second district to work on the roads in that district. He claimed a balance due to him for such work in the sum of $185. For a reason, not necessary here to state, the board refused to allow this balance, and appellee instituted suit and recovered judgment, from which the county has appealed.

It is to be added that it is not claimed that the work done by appellee was within any of the emergency statutes, and it is admitted that there was no entry on the minutes of the board of supervisors of the county employing appellee or fixing his duties or prescribing the rate of his compensation. There was no order on the minutes of any nature relative to any contract for appellee's employment.

When official authority is conferred upon a board or commission consisting of three or more members, the authority so conferred must be exercised by a legal quorum, and, as a general rule, the decisions to be executed or the contracts to be awarded by the board must be determined or decided upon only in or at a lawfully convened session, and the proceedings must be entered upon the minutes, of the board or commission. The reasons for the requirements aforesaid are: (1) That when authority is conferred upon a board, the public is entitled to the judgment of the board after an examination of a proposal and a discussion of it among the members to the

end that the result reached will represent the wisdom of the majority rather than the opinion or preference of some individual member; and (2) that the decision or order when made shall not be subject to the uncertainties of the recollection of individual witnesses of what transpired, but that the action taken will be evidenced by a written memorial entered upon the minutes at the time, and to which all the public may have access to see what was actually done. See upon the general principles stated, State ex rel. Baria v. Alexander, 158 Miss. 557, 562, 130 So. 754, and the recent case, State Highway Department v. Duckworth (Miss.), 172 So. 148, 150.

Except in a few instances of emergencies pointed out in the statutes, it has always been required in this state that boards of supervisors shall act as a body with not less than a quorum present and at a time and place fixed or provided by law. Such a board has no more authority by agreement among the members to parcel out the business of the board by districts to be transacted by the individual member elected from the particular district than would this court have the power to divide the state into six divisions or districts with the agreement that one judge shall decide all cases within the district assigned to him, the others to concur. And always it has been the positive rule in this state, both by statute and by a long line of judicial decisions strictly enforcing those statutes, that boards of supervisors can bind counties, or districts therein, only when acting within their authority and in the mode and manner by which this authority is to be exercised under the statutes, and that their contracts, and every other substantial action taken by them must be evidenced by entries on their minutes, and can be evidenced in no other way. See the discussion and the numerous cases cited in Pearl Realty Co. v. State Highway Commission, 170 Miss. 103, 115, 116, 154 So. 292.

It is unnecessary to prolong the discussion. Appellee had no legal contract with the county and was not en-

titled to recover. The peremptory instruction requested by the county should have been granted.

Reversed, and judgment here for appellant.