294 So.2d 179 (1974)
Willie Lee GATES
v.
OWEN CHEVROLET COMPANY.
No. 47504.
Supreme Court of Mississippi.
May 6, 1974.
Dunbar, Merkel & Tollison, Robert F. Wood, Clarksdale, for appellant.
Holcomb, Dunbar, Connell & Merkel, G. Gregory Boyd, Clarksdale, for appellee.
ROBERTSON, Justice:
At a preliminary hearing on October 6, 1972, the County Court of Coahoma County sustained Owen Chevrolet Company's Motion to Dismiss the Amended Declaration of Willie Lee Gates. The case had been set for trial on the merits for October 13, 1972, but the Motion to Dismiss raised the affirmative defense of estoppel by acquiescence, and the County Court felt that it was a matter under Section 1475.5, Mississippi Code 1942 Annotated (1956), [Miss. Code Ann. § 11-7-59 (1972)], that would go to the entire present cause of action and could "be separately heard and disposed of before the principal trial of the cause."
The Court heard the testimony of four witnesses called by the movant, and then *180 sustained its Motion to Dismiss, thus holding in effect that the movant had met "the burden (squarely placed upon it by Section 1475.5) both as to the law and the facts." Gates appealed to the Circuit Court of Coahoma County, which affirmed the judgment of the County Court. Gates appeals to this Court.
In his declaration Gates alleged that on February 1, 1972, he took his 1969 Chevrolet to Owen Chevrolet Company for repairs; that the Company parked his car on its parking lot and negligently left the key in the ignition; that as a direct and proximate result of its negligence his car was stolen from the parking lot of the defendant while it was entrusted to defendant and under its care. Gates also charged in his declaration that the defendant was negligent in placing his car, with the key in the ignition, on its parking lot "in a neighborhood without proper supervision where there was a probability that it would be stolen or damaged."
In its Motion to Dismiss defendant alleged that it had been its custom and practice for seven years to park its customers' cars (after repairing them) on its parking lot with the keys in the ignition. The answer of the defendant further charged:
"That by leaving his car with the defendant on prior occasions in order to have it repaired, plaintiff was put on notice of defendant's custom and usage regarding such cars and acquired actual or constructive knowledge thereof.
......
"That by leaving his automobile with the defendant under the circumstances and practice known to him, plaintiff acquiesced in defendant's said custom and usage and is estopped from seeking damages for injuries which may have arisen as a result of said custom and usage."
This was the sole and only defense asserted by defendant in its answer, and even though it involved both questions of law and fact, the county court, over objections of the plaintiff, proceeded to take testimony at the preliminary hearing, decided both questions of law and fact, and finally disposed of the case on the Motion to Dismiss.
The plaintiff's case was based on the negligence of the defendant in placing his car on its parking lot with the key in the ignition and carelessly allowing his car to be stolen, while it was in defendant's care for repairs.
Section 1455, Mississippi Code 1942 Annotated (1956), [Miss. Code Ann. § 11-7-17 (1972)], provides:
"All questions of negligence and contributory negligence shall be for the jury to determine."
The county court was in error in disposing of this case on a Motion to Dismiss and denying the plaintiff the right to present his case to the jury on the facts. After hearing the testimony of the witnesses and being properly instructed by the court on the law, it would then have been up to the jury to decide all questions of negligence and contributory negligence.
The only answer of the defendant was an affirmative defense; the burden was on the defendant to prove its affirmative defense by a preponderance of the evidence before a jury.
Even if this were the proper procedure (which it is not) to dispose of this case at a preliminary hearing, the county judge was in error in sustaining the affirmative defense of estoppel by acquiescence because of the custom and usage of the defendant in parking cars of its customers on its parking lot with the keys in the ignition. This custom and usage was against public policy. Section 8219, Mississippi Code 1942 Annotated (1956), [Miss. Code Ann. § 63-3-909 (1972)], provides:
"No person driving or in charge of a motor vehicle shall permit it to stand unattended *181 without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway." (Emphasis added).
The judgment of the Circuit Court, affirming the judgment of the county court, is reversed and this cause remanded to the county court for a trial on the merits.
Reversed and remanded.
RODGERS, P.J., and SMITH, SUGG and BROOM, JJ., concur.