473 So.2d 467 (1985)
Brenda E. CHAPMAN
v.
James B. CHAPMAN, Jr.
No. 55551.
Supreme Court of Mississippi.
July 24, 1985.
*468 R. Conner McAllister, Jackson, for appellant.
Ben J. Piazza, Jr., Joe B. Moss, Keyes, Moss, Piazza & Woods, Jackson, for appellee.
Before WALKER, P.J., and PRATHER and ANDERSON, JJ.
PRATHER, Justice, for the Court:
The subject matter of this opinion involves the issue of equitable estoppel.
Appellee James B. Chapman, Jr. filed suit in the Chancery Court of Hinds County against appellant Brenda E. Chapman seeking to set aside a deed and remove cloud on title to 9 acres of real property. Appellant answered and counterclaimed for partition of the property. The Chancery Court entered judgment in favor of appellee James B. Chapman on the complaint and dismissed the counterclaim of appellant Brenda E. Chapman.
Brenda Chapman appeals, assigning as error:
The trial judge committed manifest error in finding that the deed to the appellant constituted a cloud on the appellee's title and should be cancelled and by dismissing appellant's counterclaim for partition of the property.

I.
Appellant Brenda E. Chapman is the former wife of appellee James B. Chapman, Jr. The parties were married in July of 1969 and divorced in October of 1982.
In 1978 Mr. and Mrs. Chapman discussed the purchase of 9 acres of land located approximately 300-400 yards north of their residence. Mrs. Chapman was opposed to the purchase of the property at the time for financial reasons. On March 15, 1978, Mr. Chapman purchased the 9 acres of land, executed a deed of trust to the Bank of Hazlehurst as security for a loan of $8,270.00 in order to finance the purchase. On March 22, 1978, Mr. Chapman executed a warranty deed conveying the newly purchased property to himself and Mrs. Chapman as joint tenants with full rights of survivorship. Mr. Chapman requested a photocopy of the deed and instructed his attorney, Joe G. Moss, to retain the original deed in the office file until he called for it or asked that it be recorded. When presented with the photocopy of the deed, appellee brought up the fact that the notary seal was not visible. His attorney, who also notarized the deed as notary, then imprinted an original notary seal on the photocopy of the deed.
At this point, the facts become disputed. Appellant Brenda Chapman testified that on March 22, 1978, her husband brought *469 the photocopy of the deed to her at her place of employment and said "I hope you are satisfied. One-half of it is now yours." Mrs. Chapman stated that at the time she was not aware that the deed was a photocopy. According to Mrs. Chapman, she kept the deed in her office for approximately a year or a year and a half, then took it home and placed it in a drawer. In September of 1982, after marital problems arose, Mrs. Chapman, acting upon the advice of her attorney, filed the deed for record.
Appellee James Chapman testified that, upon receiving the photocopy of the deed from his attorney, he took it home and placed it in a drawer. Appellee denied delivering the photo copy of the deed to his wife, contending that Mrs. Chapman surreptitiously obtained the document from the home. Upon learning in May of 1983 that the photocopy of the deed had been recorded by his wife, appellee retrieved the original deed from the office of his attorney and destroyed it.
It is undisputed that from May, 1979 until the parties separated, the monthly payments for the property were made by check drawn on Mr. and Mrs. Chapman's joint checking account. Both appellee and appellant contributed their monthly pay checks into this checking account. Mr. and Mrs. Chapman thus contributed jointly to 39 of the 48 monthly payments; the remaining 9 payments were made by Mr. Chapman alone following the divorce of the parties.

II.

Did the trial court commit manifest error in finding that the deed to the appellant constituted a cloud on the appellee's title and should be cancelled and by dismissing appellant's counter-claim for partition of the property?
Appellant essentially raises two arguments in support of reversal:
A. The evidence presented supported a finding that delivery of the deed took place;
B. The testimony of appellee James B. Chapman, Jr. should have been excluded under the principle of equitable estoppel.

A.
Appellant's first contention is that the original deed was effectively delivered to her as co-grantee when accepted by her husband. This argument is based upon the rule that delivery to one co-grantee operates as an effective delivery to each co-grantee. Perkins v. Kirby, 308 So.2d 914 (Miss. 1975); Jones v. Hammet, 2 Miss.Dec. 265 (1881).
The chancellor rejected this theory, concluding that Mr. Chapman did not intend to deliver the original deed to himself nor to accept such delivery as a co-grantee. It was undisputed that, at the time the deed was drawn up, Mr. Chapman instructed his attorney to retain the deed in his files until Mr. Chapman called for it or asked that it be recorded. This Court has previously held that, where a grantor deposits a deed with another party, that party is deemed to the agent of the grantor rather than of the grantee in determining whether or not the deed was delivered. Carter v. Hurst, 234 So.2d 616 (Miss. 1970) (delivery of deed by vendor to vendor's attorney does not accomplish delivery of deed to purchaser); Ladner v. Moran, 190 Miss. 826, 1 So.2d 781 (1941) (delivery of deed by grantor to bank with instructions to hold deed unless grantor called for it did not accomplish delivery to the grantee). Based on these decisions, upon retention of the deed with special instructions, Mr. Chapman's attorney became the agent for Mr. Chapman as grantor. Accordingly, no delivery to Mrs. Chapman as co-grantee was accomplished and the chancellor's ruling in this respect was correct.

B.
Appellant further contends that the testimony of appellee should have been excluded under the doctrine of equitable estoppel.
Both parties are in agreement as to the principles of law which govern the application *470 of the doctrine of equitable estoppel. The essential elements of an equitable estoppel are:
Conduct and acts, language or silence, amounting to a representation or concealment of material facts, with knowledge or imputed knowledge of such facts, with the intent that representation or silence, or concealment be relied upon, with the other party's ignorance of the true facts, and reliance to his damage upon the representation or silence.
Crow v. Fotiades, 224 Miss. 422, 80 So.2d 478, 486 (1955). The burden of establishing the elements of an estoppel is on the party asserting the estoppel. Hathorn v. Illinois Central Gulf Railroad Co., 374 So.2d 813, 817 (Miss. 1979). The existence of the elements of an estoppel must be established by the preponderance of the evidence. Gates v. Owen Chevrolet Co., 294 So.2d 179, 180 (Miss. 1974).
In the case sub judice, the only testimony regarding the alleged misrepresentation was that of the parties. As the chancellor stated in his opinion: "She says he did. He says he did not ..." The chancellor therefore concluded that the appellant had failed to meet her burden with respect to establishing a material misrepresentation. Ordinarily a chancellor's finding of fact on conflicting evidence will not be disturbed or set aside on appeal unless manifestly wrong. Cotton v. McConnell, 435 So.2d 683, 685 (Miss. 1983); Voss v. Stewart, 420 So.2d 761, 765 (Miss. 1982).
It should be noted, however, that where one spouse alleges a misrepresentation by the other, direct proof of the misrepresentation would almost always be impossible. In such a case, the court should look to the surrounding circumstances in order to determine if a misrepresentation occurred. In the case sub judice, among the circumstances which tend to support a finding of misrepresentation are:
(A) The fact that appellant originally opposed the purchase of the property, but that she agreed to help repay the loan if her name was on the deed also;
(B) The fact that appellee purchased the property and one week later had his attorney draw up a deed conveying a one-half interest in the property to his wife;
(C) The fact that appellee saw to it that a photocopy of the document was made and an original notary seal affixed to the photocopy;
(D) The fact that appellant subsequently contributed to the payments for the property up to the time of the parties' separation.
Addressing now the chancellor's finding in this case, the chancellor held that the plaintiff met his burden of proof in showing by his testimony that the deed to himself and his wife, without delivery by him, constituted a cloud upon his title. However, the chancellor recognized that the burden of going forward with the proof by the defendant Mrs. Chapman failed "to establish that although a photocopy, it was represented as an original ... and I don't believe the burden of going forward there has been met." The trial court accepted as a fact that the plaintiff did not deliver the deed to the defendant. A questioned documents expert testified that it was only a photocopy. Additionally, the trial court apparently applied the principle of judicial knowledge to the photocopy appearing to him to be only a copy rather than the original. Having made these findings, the trial court then concluded that the defendant Mrs. Chapman failed to show that the photocopy was represented to her as an original, and that this was her burden of proof.
This Court agrees that Mrs. Chapman had a burden of going forward with the proof. But this Court disagrees with the trial court that Mrs. Chapman had the burden of establishing that the photocopy was represented to be an original deed. Rather, Mrs. Chapman's burden was to show (1) that a representation was made by Mr. Chapman that Mrs. Chapman was a joint owner of the realty; (2) that in reliance upon that representation of her joint ownership, she changed her position by helping to pay for the property, and (3) that *471 she has suffered detriment caused by her changed position in reliance on her joint ownership. PMZ Oil Co. v. Lucroy, 449 So.2d 201 (Miss. 1984). As noted in PMZ Oil Co. v. Lucroy, supra, "It is sufficient if the acts of the party sought to be estopped, although made without subjective intent to mislead, were, objectively speaking, calculated to mislead, and did mislead." PMZ Oil Co., supra at 207. Howard v. West Jersey and Seashore Railroad Company, 102 N.J. Eq. 517, 141 A. 755 (1928).
Analyzing these facts and applying them to these previously announced principles of this Court, this record shows unequivocally (1) that Mr. Chapman executed a deed to his wife and caused a photocopy of that deed to be imprinted with a notary seal and taken to his home, (2) that Mrs. Chapman came into possession of the photocopy of the deed, (3) that she helped pay for the land, and (4) that Mrs. Chapman will suffer detriment if her title is defeated. It cannot be overlooked that Mr. Chapman does not dispute the above facts.
This Court concludes that it is immaterial whether Mrs. Chapman proves the photocopy to be an original; it is sufficient if Mr. Chapman's acts, although made without subjective intent to mislead, did, objectively speaking, mislead Mrs. Chapman. This Court recognizes that the chancery court cannot transfer legal title. Cox v. Cox, 183 So.2d 921 (Miss. 1966); Chrismond v. Chrismond, 211 Miss. 746, 52 So.2d 624 (1951). However, appellant presented evidence sufficient to establish a claim for equitable relief. Chrismond, supra; Watts v. Watts, 466 So.2d 889 (1985). This Court, therefore, reverses the trial court's denial of any relief to Mrs. Chapman and hold that she is entitled to an equitable lien.
This cause is reversed in part and remanded to the Chancery Court for establishment of the amount of an equitable lien against this realty. The chancellor should consider in setting the amount of said lien one half of the monthly payments to which Mrs. Chapman contributed.
AFFIRMED IN PART, AS TO THE FINDING OF THE TRIAL COURT THAT THERE WAS NO DELIVERY; REVERSED IN PART, AS TO THE FAILURE OF THE APPELLANT TO MEET HER BURDEN OF PROOF ON THE THEORY OF EQUITABLE ESTOPPEL; AND, REMANDED FOR FURTHER HEARING NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.